## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DEIRDRE BAKER,

       Plaintiff,

                                   Case No. 3:20-cv-889-MMH-JRK

vs.

JEA,

       Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 32; Motion) filed on February 26, 2021. Defendant filed a response in opposition to the Motion on March 15, 2021. See Response in Opposition to Plaintiff's Second Motion for Judgment on the Pleadings (Dkt. No. 33; Response). Accordingly, this matter is ripe for review.

## I. Standard of Review

Rule 12(c), Federal Rules of Civil Procedure (Rule(s)), provides that a party may move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial - . . . ." Rule 12(c). Entry of a judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. See Rule 12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). As such, a court should enter

judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). In determining whether to grant a motion for judgment on the pleadings, the Eleventh Circuit instructs that the court must accept "as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). If comparing the allegations in the competing pleadings discloses a material dispute of fact, judgment on the pleadings must be denied. Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).[1] "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." Stanton, 239 F.2d at 106.

Rule 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Rule 7(a). While a court's determination of a motion for judgment on the pleadings is ordinarily limited

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to a review of such "pleadings," certain documents attached to a complaint may also be considered on such a motion.   See Tassinari v. Key West Water Tours, L.C., 480 F. Supp. 2d 1318, 1320 (S.D. Fla. 2007); Rule 10(c).   Indeed, the Eleventh Circuit Court of Appeals has recognized that pursuant to the incorporation by reference doctrine, attachments to pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim, and are undisputed in that their authenticity is not challenged.   See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the incorporation by reference doctrine adopted in Rule 12(b)(6) decisions is also applicable to Rule 12(c) cases).

## II.   Discussion

Here, Baker's Second Amended Complaint (Dkt. No. 30) is the operative pleading.   In her Second Amended Complaint, Baker identifies Title VII of the Civil Rights Act of 1964 as the legal basis of her claims, asserts that she was discriminated against on the basis of her race, and identifies the discriminatory acts as the "termination of [her] employment" and "retaliation."   See generally Second Amended Complaint.   She provides a narrative description of her claims and attaches a Charge of Discrimination which she filed with the Equal Employment Opportunity Commission on September 9, 2019.   Defendant JEA has filed an Answer (Dkt. No. 31) to the Second Amended Complaint in which JEA "denies that plaintiff was retaliated against or unlawfully terminated,"

"denies that any discriminatory conduct occurred in the time period identified by plaintiff, or at any other time during her employment," denies "as framed" most of the relevant factual allegations included in Baker's Second Amended Complaint and denies that "plaintiff is entitled to any of the relief she is seeking."   In addition, JEA asserts a number of affirmative defenses.

Although Baker identifies Rule 12(c) as authorizing the filing of her Motion, she fails to acknowledge the standard of review applicable to a motion for judgment on the pleadings, much less the significant burden a party must carry in order to establish an entitlement to entry of a judgment on the pleadings.   <u>See generally</u> Motion.   Instead, she discusses the procedural history of the case, <u>id.</u> at 1-4, cites to evidence she has provided to JEA which she believes supports her claims, <u>id.</u> at 4, cites to the Florida Rules of Civil Procedure and a procedural Florida Statute which are inapplicable here, <u>id.</u> at 4-10, and points the Court to evidence, specifically a Florida Department of Economic Opportunity (FL DEO) investigation report and other unidentified evidence which she purports to have delivered, <u>id.</u> at 6-8.[2]   In doing so, Baker apparently fails to recognize that a judgment on the pleadings must be based solely on the undisputed facts as disclosed by the <u>pleadings</u>, not based upon other evidence.   Baker also fails to appreciate that in it's Answer, JEA denies

---

[2] The proof of delivery does not disclose what was delivered or to whom it was delivered.

the relevant allegations set forth in the Second Amended Complaint.  These denials, which must be taken as true for purposes of resolving the Motion, establish the existence of material issues of fact in dispute. Because the pleadings disclose disputed material issues of fact such that the court cannot conclude that judgment can be rendered by looking at the pleadings alone, the Motion is due to be denied.

In light of the foregoing, it is

**ORDERED:**

Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 32) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record
Pro Se Party