# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DEIRDRE BAKER,

        Plaintiff,

v.                          Case No. 3:20-cv-889-MMH-JRK

JEA,

        Defendant.

## O R D E R

This cause is before the Court on Defendant's Motion for Additional Time in Which to Complete Deposition of Plaintiff (Doc. No. 39; "Motion"), filed June 11, 2021. Plaintiff responded in opposition on June 25, 2021. See Plaintiff's Response in Opposition to Defendant's Motion for Additional Deposition (Doc. No. 42). With leave of Court, see Order (Doc. No. 44), entered July 1, 2021, Defendant filed its Reply on July 14, 2021, see Reply to Response in Opposition to Motion for Additional Time to Complete Deposition of Plaintiff (Doc. No. 47). Consistent with the July 1, 2021 Order,[1] Plaintiff filed her Sur-Reply to Defendant's Reply (Doc. No. 48) on July 28, 2021. The matter is now ripe for consideration.

---

[1] The undersigned also entered an Order on July 12, 2021 (Doc. No. 46) addressing Plaintiff's opposition to Defendant filing a reply and reiterating the timeline for the parties to file a reply and sur-reply as stated in the July 1, 2021 Order.

The parties strongly dispute whether Defendant should be allowed to depose Plaintiff for an additional five (5) hours. Both parties offer differing viewpoints as to why additional time is needed or not warranted.

Rule 30, Federal Rules of Civil Procedure ("Rule(s)"), states that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Rule 26(b)(1) allows a party to obtain discovery "that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and Rule 26(b)(2) states that "the court may alter the limits . . . on the length of depositions under Rule 30[,]" Fed. R. Civ. P. 26(b)(2)(A). However, under Rule 26(b)(2)(C):

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> 
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> 
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Upon review of the parties' filings, the record as a whole, and the applicable law, the Motion is due to be granted, and Defendant

may depose Plaintiff for an additional five (5) hours to fully address Plaintiff's numerous claims and damages.[2] Plaintiff, at times, appears to give lengthy responses that disallowed Defendant adequate time (in the initial seven hour limit) to fully question Plaintiff about her discrimination and hostile work environment claims as well as Plaintiff's calculation of damages. See Fed. R. Civ. P. 30(d)(1) (stating that "[t]he court must allow additional time . . . if needed to fairly examine the deponent").

Defendant also requests that the Court enter "a direction to [ ] Plaintiff to provide only responsive information when answering the [deposition] questions posed by [Defendant]." Motion at 9-10.[3] Although such a directive does not appear necessary at this point and in light of this request and the various representations made in the filings, the parties are advised of the following option should the need arise during Plaintiff's deposition:

> TELEPHONE HEARING TO RESOLVE DISPUTES DURING DEPOSITION. In unusual circumstances with material and adverse consequences, the parties involved in a deposition may telephone the chambers of the assigned Magistrate Judge for resolution of an intractable dispute that has arisen during the deposition. The Magistrate Judge, if available, will entertain such a request only if all parties are present. This procedure should be employed rarely (and only after counsel have made every effort to resolve the dispute).

---

[2] The parties both discuss the potential of deposing Plaintiff's husband (Mr. Baker); however, as this issue is not presently before the Court, the undersigned does not address that matter.

[3] For ease of reference, citations to the Motion are in accordance with the pagination assigned by the Court's electronic filing system (CM/ECF).

Section II.B.5, Middle District Discovery Handbook (emphasis added). The parties are reminded that this procedure should be used as a last measure.

Upon due consideration, it is

**ORDERED**:

Defendant's Motion for Additional Time in Which to Complete Deposition of Plaintiff (Doc. No. 39) is **GRANTED**. Defendant may depose Plaintiff for five (5) additional hours. The deposition shall occur as soon as practicable but no later than **August 31, 2021**.[4]

**DONE AND ORDERED** in Jacksonville, Florida on August 4, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keh
Copies to:
Counsel of Record
Pro Se Party (via U.S. Mail and email address)

---

[4] The discovery deadline was extended to August 13, 2021. See Amended Order (Doc. No. 41), entered June 14, 2021. If either party seeks an extension of the August 13, 2021 discovery deadline, they shall file a motion seeking such relief. The parties are reminded that if a further extension of the discovery deadline is sought, Local Rule 3.01(g), United States District Court, Middle District of Florida, requires a good faith effort to resolve any disputes before filing a motion with the Court.